**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARIBE BILLE and QUINCY REEVES, individually and on behalf of all other similarly situated individuals,<br>　　Plaintiffs | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. |
| v. | : <br> : <br> : | |
| COVERALL NORTH AMERICA, INC.<br>　　Defendant | : <br> : | JANUARY 17, 2019 |

**CLASS ACTION COMPLAINT**

**I.　INTRODUCTION**

1.　This is an action brought by and on behalf of individuals who have performed or continue to perform cleaning services for Defendant Coverall North America Inc. ("Coverall North America"), challenging their unlawful misclassification as independent contractors instead of employees. Based on their misclassification, the workers have been required to pay large fees in order to obtain cleaning work from Defendant, which effectively amounts to Defendant requiring them to pay for a job. They have also had numerous improper deductions taken from their pay for such things as franchise fees, insurance, administration fees, interest, or "charge-backs" when a customer fails to pay for their work, and they have been required to pay the expenses necessary to perform their jobs.

2.　In order for an individual to be properly classified as an independent contractor in Connecticut, the alleged employer has the burden to prove all three prongs of an "ABC" test. Tianti ex rel. Gluck v. William Raveis Real Estate, 231 Conn. 690, 697, 651 A.2d 1286, 1290 (Conn. 1995). Under that test, services performed by an individual constitute "employment" unless:

(A) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for performance of service and in fact; (B) such service is performed either outside the usual course of business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (C) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Id. The test is conjunctive, and Defendant, who must satisfy all three prongs of the ABC test, fail to meet any of the requirements. Accordingly, Plaintiffs are Defendant's employees and are protected by Connecticut's wage payment laws. Plaintiffs had had unlawful deductions taken from their pay in violation of section 31-71e of the Connecticut Minimum Wage Act. Defendant has also been unjustly enriched in that Plaintiffs have been required to pay for their jobs, and have various deductions taken from their pay, in violation of Conn. Gen. Stat. section 31-73. Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for damages stemming from Defendant's violations of the Connecticut Minimum Wage Act and Connecticut common law.

## II.   THE PARTIES

3.   Plaintiff Caribe Billie is an adult resident of Waterbury, Connecticut, and has performed services for Coverall as a Coverall "franchisee" in Connecticut since approximately summer of 2013.

4.   Plaintiff Quincy Reeves is an adult resident of West Haven, Connecticut and has performed services for Coverall as a Coverall "franchisee" in Connecticut since approximately March 2011.

5.   Defendant Coverall North America, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Deerfield Beach, Florida.

6. The Class of similarly situated Plaintiffs, who resided in Connecticut at all times relevant to this matter, is defined as:

> All individuals that purchased cleaning "franchises" from Coverall North America, Inc. and all of its subsidiaries in Connecticut and performed cleaning work for Coverall North America, Inc. and all of its subsidiaries in Connecticut from January 2013 through to the present.

### III. JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").

8. Upon information and belief, there are at least 100 members in the proposed class.

9. This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

10. The parties are diverse, and the aggregate amount in controversy exceeds $5,000,000, inclusive of damages, statutory penalty damages, and attorneys' fees, pursuant to the Connecticut Minimum Wage Act and common law.

11. At least one member of the proposed class is a citizen of a state different from that of at least one defendant.

12. Plaintiffs' claims involve matters of national or interstate interest.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

14. This court has personal jurisdiction over Defendant pursuant to Connecticut's long-arm statute because Defendant has transacted business in the state of Connecticut and Defendant's conduct in violating the Connecticut Minimum Wage Act and Connecticut's common law is tortious, as that term is defined under the long arm statute.

## IV. STATEMENT OF FACTS

15. Coverall employs cleaning workers across the country, including in the State of Connecticut, to perform cleaning work for commercial customers. Two of those cleaning workers are the above-named plaintiffs, Caribe Billie and Quincy Reeves.

16. Coverall requires its cleaning workers to sign "franchise agreements" in order to obtain work, and these workers are classified as independent contractors, rather than employees. Coverall's franchise agreement is a form contract of adhesion establishing the terms and conditions of employment of the cleaning workers.

17. Pursuant to these form contracts, workers pay substantial sums of money as "franchise fees" (and "additional business fees") in order to obtain cleaning work. These fees are sometimes paid in installments over time with interest.

18. The cleaning workers who enter these contracts are all classified as independent contractors.

19. The behavioral and financial control manifested over these workers demonstrates that the workers are employees rather than independent contractors. Coverall and its subsidiaries instruct the cleaning workers in how to do their work and provide training to them and oversight in how they perform their work. Coverall determines the amount charged to the customer and the amount paid to the cleaning workers. Coverall communicates directly with their customers regarding the workers' services and reprimands the cleaning workers when clients complain. Coverall also takes away cleaning accounts from the workers in its discretion (and then re-sells them to other workers). Coverall retains the unilateral right to terminate the workers' services.

20. The cleaning workers perform services within Coverall's usual course of business, which is to provide cleaning services to customers.  Furthermore, Coverall exercises sufficient control over

the sites where Plaintiffs perform commercial cleaning that the cleaning workers do not perform services or outside of all of Coverall's places of business, as required by prong B of Connecticut's ABC test

21. The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for Coverall's clients. If the workers obtain additional customers (even through their own efforts), those customers become Coverall customers.

22. Also, Plaintiffs and other cleaning workers typically have not invested in an independent business apart from their payment of "franchise" fees to Coverall.

23. Because of their misclassification by Coverall as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law. For example, in addition to having to pay fees in order to work, numerous deductions are made from cleaning workers' pay, which constitute improper deductions from wages such as payments towards "franchise fees", "additional business fees", interest payments, payments to have their cleaning accounts managed, payments for supplies and equipment, and payments for insurance. The workers' pay is also withheld, or deducted from, when Coverall's clients have not paid their bills. These payments are known as "chargebacks."

24. Plaintiffs and the putative class members are not independent contractors as defined by Conn. Gen. Stat. § 31-222(a)(1).

## V.   CLASS ALLEGATIONS

25. This action is brought and may properly proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26. Plaintiffs and the putative class members have been subject to a uniform adhesion franchise agreement; have been subject to Coverall's control; have been required to pay "franchise fees" and "additional business fees" in order to obtain cleaning work; have had deductions for franchise fees, interest, insurance, and administration charges improperly deducted from their pay; have been deprived reimbursement of their necessary business expenditures for cleaning supplies and equipment; have not been paid as frequently as required by state law; and have not received proper itemized pay statements or pay records from Coverall.

27. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

28. There are questions of law and fact common to all members of the class that predominate over questions affecting only individuals. Common questions of law and fact regarding Coverall's conduct in requiring these so-called "franchisee" cleaning workers to be classified as independent contractors, having them pay to obtain cleaning work, failing to reimburse them for business expenditures such as for cleaning supplies and equipment, failing to provide them with proper pay statements and time records, deducting franchise fees, insurance, interest, and administration charges from workers' wages, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether Plaintiffs and the putative class members are free from control and direction in connection with performance of their services;

    b. Whether their services are performed either outside the usual course of Coverall's business or outside of all the places of business of Coverall;

    c. Whether Plaintiffs and the putative class members are engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the services performed for Coverall;

    d. Whether Plaintiffs and putative class members had improper deductions taken from their pay, including without their having given written authorization on a form approved by the commissioner of the Department of Labor in violation of the section 31-71 e of the Connecticut Minimum Wage Act;

    e. Whether Defendant's practice in requiring a down payment from Plaintiffs and the putative class members as a condition of receiving work violates section 31-73 of the Connecticut Minimum Wage Act, and whether Defendant was thereby unjustly enriched.

29. Named Plaintiffs Caribe Billie and Quincy Reeves are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

30. Plaintiffs' claims are typical of the claims of the class, and they have the same interests as the other members of the class.

31. Plaintiffs do not have interests antagonistic to those of the class members.

32. Plaintiffs will fairly and adequately protect the interests of the class and have retained competent counsel experienced in this type of matter, specifically class action litigation and independent contractor misclassification in particular.

33. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an orderly and expeditious administration of the class' claims.

35. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT)

36. Although Plaintiffs and the putative class members have been designated as independent contractors, in fact, they are in fact employees for the reasons stated above and accordingly, are protected by Connecticut's wage payments laws, C.G.S. Section 31- 58 *et seq.*

37. Defendant's practice of having various unlawful and unauthorized deductions, as set forth above, from Plaintiffs' and the putative class member's compensation violates Conn. Gen. Stat. § 31-71 e, which prohibits employers from withholding or diverting any portion of an employee's wages unless the employer obtains written authorization from the employee for the deductions on a form approved by the commissioner of the Department of Labor.

38. Furthermore, Defendant's practice of requiring Plaintiffs to pay for a job and requiring them to bear the costs of their own insurance violates the Connecticut Minimum Wage Act and public policy.

39. As a direct and proximate result of Defendant's illegal conduct as set forth above, Plaintiffs have suffered and continue to suffer damages, including but not limited to lost wages. This claim is brought pursuant to Conn. Gen. Stat. § 31-72, which entitles Plaintiffs to recover twice the full amount of such wages, with costs and reasonable attorneys' fees.

## COUNT TWO

## (UNJUST ENRICHMENT)

40. As set forth above, Plaintiffs were employees of Coverall under Connecticut law. By requiring Plaintiffs and the putative class members to make payments in order to receive work, and have improper deductions taken from their pay (which would not be taken from the pay of employees), Defendant has violated Conn. Gen. Stat. §31-73, which provides that:

> No employer ... shall directly, or indirectly, demand, request, receive or exact any refund of wages, fee, sum of money or contribution from any person or deduct any part of the wages agreed to be paid, upon the representation or understanding that such refund of wages, fee, sum of money, contribution or deduction is necessary to secure employment or continue in employment. No such person shall require, request or demand that any person agree to any payment of any refund of wages, fee, contribution or deduction from wages in order to obtain employment or continue in employment.

41. Defendant has been unjustly enriched because it benefits at the expense of Plaintiffs and the putative class members and, to the detriment of Plaintiffs and the putative class members, failed to pay them properly for the benefit. It would be unjust to allow Defendant to retain the benefits which it inured at the expense of Plaintiffs and the putative class.

42. Defendant's conduct was wanton and malicious in that Coverall knew that Plaintiffs and the putative class members were employees rather than independent contractors and nonetheless, knowingly required them to pay money as a condition of employment. By demanding that Plaintiffs and the putative class members to pay for work, and take improper deductions from their pay, Defendant acted with a reckless indifference to and/or intentional disregard of the rights of Plaintiffs and the putative class members.

43. As a direct and proximate result of Defendant's illegal conduct as set forth above, Plaintiffs have suffered and continue to suffer damages, including but not limited to an amount

equal to that of the payments they made to obtain their work, as well as the improper payments taken from their pay.

**WHEREFORE,** Plaintiffs Caribe Billie and Quincy Reeves, on behalf of themselves and all other class members, respectfully request that the Court enter judgment in their favor as follows:

a. Withheld wages under the Connecticut Minimum Wage Act;

b. Penalty damages pursuant to C.G.S. Sec. 31-72, as amended by Public Act 15-86;

c. Attorneys' fees as may be appropriate under Conn. Gen. Stat. § 31-72, as amended by Public Act 15-86;

d. Refunding of all franchise fees and additional business fees paid by class members, as well as refunds for all other improper deductions, such as insurance and charge-backs;

e. Common law punitive damages as to Plaintiffs' claim set forth in Count II;

f. Interest and costs;

g. Injunctive relief and declaratory relief;

h. Any and all other relief that the court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury on all counts so triable.

PLAINTIFFS, CARIBE BILLE and QUINCY REEVES, individually and on behalf of all other similarly situated individuals,

By: /s/ *Richard E. Hayber*
Richard E. Hayber (ct11629)
The Hayber Law Firm, LLC.
750 Main Street, Suite 904
Hartford, CT 06103
Telephone: (860) 522-8888
Facsimile: (860) 218-9555
Email: rhayber@hayberlawfirm.com

Shannon Liss-Riordan, *pro hac vice* anticipated
Adelaide H. Pagano, *pro hac vice* anticipated
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Email: sliss@llrlaw.com
      apagano@llrlaw.com