UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CARIBE BILLIE and QUINCY REEVES, ) | ) | |
| Plaintiffs, ) | ) | No. 3:19-cv-0092-JCH |
| v. ) | ) | |
| COVERALL NORTH AMERICA, INC., ) | ) | |
| Defendants. ) | ) | |

**PLAINTIFFS' MOTION TO LIFT THE STAY**

Plaintiffs respectfully submit this motion to lift the stay of this action so that they may proceed with their claims under Connecticut's wage payment laws, Conn. Gen. Stat. § 31-58 et seq., in court.  As set forth in the accompanying Memorandum, Plaintiffs Quincy Reeves and Caribe Billie originally filed this case in January 2019 as a class action against Defendant Coverall North America Inc. ("Coverall"), alleging that Coverall misclassified them and other similarly situated "franchisee" cleaning workers as independent contractors, when in fact they are Defendant's employees under Connecticut law.  See Dkt. 1.  Coverall moved to compel Plaintiffs' claims to individual arbitration pursuant to the arbitration provision in the Plaintiffs' franchise agreements, and over Plaintiffs' objection, the Court compelled arbitration.  See Dkt. 51.  Thereafter, both Plaintiffs and a third franchisee and putative class member, Veronica Flores, filed their claims before the American Arbitration Association and attempted to arbitrate

**ORAL ARGUMENT REQUESTED**

1

their misclassification and wage claims; however, Reeves and Flores were unable to proceed because the high costs of the arbitration, and their cases were terminated without a final award. Because these franchisees must be able to bring their claims in some forum, and they have been unable to do so in arbitration, they must be permitted to proceed in court.  Indeed, there can no longer be any doubt that the cost-splitting provision in Coverall's arbitration agreement is unconscionable and unenforceable. Coverall has attempted to deploy that provision to prevent Plaintiffs from pursuing claims against it in any forum, whether court or arbitration.  Thus, this Court should rule the provision unenforceable and reinstate Plaintiffs' claims in court.

      For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion to lift the stay and administratively reopen the case so that Plaintiffs may continue to pursue misclassification and wage claims against Coverall.

Date: March 9, 2021

Respectfully submitted,
PLAINTIFFS,
By their attorneys,

  _s/ Shannon Liss-Riordan_
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994 – 5800
Fax (617) 994 – 5801
sliss@llrlaw.com, apagano@llrlaw.com

Richard Hayber (ct11629)
Michael T. Petela (ct28251)
**THE HAYBER LAW FIRM, LLC**
750 Main Street, Suite 904
Hartford, CT 06103
(203) 522-8888
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com

mpetela@hayberlawfirm.com

*Attorneys for Plaintiffs and all others similarly situated persons*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a copy of this document was served by electronic filing on all counsel of record.

        */s/ Shannon Liss-Riordan*
        Shannon Liss-Riordan