UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIBE BILLIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COVERALL NORTH AMERICA, INC., ) <br> ) <br> Defendant. ) | No. 3:19-cv-0092-JCH |

### PLAINTIFF'S MOTION TO SEAL

Pursuant to Local Rule 5(e)(4)(a) and Paragraph 21(A)(11) of the Parties' arbitration agreement (Dkt. No. 27-1), Plaintiff Billie hereby seeks leave to file the following Exhibits to Plaintiffs' Motion to Confirm Arbitration Award under seal:

- **Exhibit 1**: Arbitrator's Final Award

- **Exhibit 2**: Arbitrator's Order on Claimant's Motion for Partial Summary Judgment

Billie is filing these exhibits under seal pursuant to Paragraph 21(A)(11) of the franchise agreement, which provides that "[a] decision by the arbitrator or arbitrators (including any finding of fact and/or conclusion of law) against either Coverall or Franchisee shall be confidential unless otherwise required to be disclosed by law…" See Dkt. 27-1 at ¶ 21(A)(11).[1] However, Plaintiff takes the position that the information contained in these documents does not justify the extraordinary step of sealing them

---

[1] Billie subsequently signed a transfer agreement and amendment to his franchise agreement, see Dkt. 27-2 and Dkt. 27-3, but Paragraph 21(D) of the original franchise agreement makes clear that Paragraph 21 "shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of the Agreement." See Ex. Dkt. 27-1 at p. 17.

from public view. See Local Rule 5(e)(1)(a) ("The power to close a courtroom or to exclude the public from proceedings to which a First Amendment right to access attaches shall be used sparingly and only for clear and compelling reasons."). Thus, Billie has requested in his concurrently filed Motion that the Court exercise its inherent authority to unseal these arbitral awards so that the public may access them. As courts in this Circuit have previously found, the "mere existence of a confidentiality agreement ... does not demonstrate that sealing is necessary." Church Ins. Co. v. ACE Property & Cas. Ins. Co., 2010 WL 3958791 at *3 (S.D.N.Y. 2010) (denying party's request to seal documents), quoting Mutual Marine Office, Inc. v. Transfercom Ltd., 2009 WL 1025965 at *5 (S.D.N.Y. 2009).[2]

Accordingly, Plaintiffs are filings Exhibits 1 and 2 to their Motion to Confirm Arbitration Award under seal, but they respectfully request that the Court order the be unsealed.

---

[2] See also Lohnn v. Int'l Bus. Machines Corp., No. 21- CV-6379 (LJL), 2022 WL 36420, at *1 (S.D.N.Y. Jan. 4, 2022) (denying motion to seal to the "extent that it seeks a blanket order maintaining under seal documents and information in this Court simply because it was conveyed in arbitrations that were subject to a confidentiality agreement"); Utica Mutual Insurance Company v. INA Reinsurance Company, 2012 WL 13028279 (N.D.N.Y. June 12, 2012) ("The law grants a presumption of public access to judicial documents . . . and the confidentiality order in the arbitration does not entitle Utica to '... transfer the privileges of [its] private arbitration to a public judicial forum.'"), quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d. Cir. 2006) and Standard Chartered Bank International (Americas) Ltd. v. Calvo, 757 F.Supp.2d 258, 260 (S.D.N.Y. 2010)."); Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., 2008 WL 1805459 at *2 (S.D.N.Y. 2008) (granting respondent's motion to reconsider its earlier sealing order and unsealing the final arbitration award in a proceeding to confirm where the petitioner had failed to demonstrate why the presumption of access should be overcome); Sony Ericsson Mobile Communications AB v. Delta Electronics Public Company Ltd., 2009 WL 959639 at *2 (S.D.N.Y. 2009) ("[t]he fact that arbitral proceedings in this case may have been confidential under the arbitral rules or the arbitration clause at issue does not necessitate that they be kept confidential in these proceedings.").

Dated: June 7, 2022

                          Respectfully submitted,

                          CARIBE BILLIE,

                          By his attorneys,

                          /s/ Adelaide Pagano
                          Shannon Liss-Riordan, *pro hac vice*
                          Adelaide H. Pagano, *pro hac vice*
                          LICHTEN & LISS-RIORDAN, P.C.
                          729 Boylston Street, Suite 2000
                          Boston, MA 02116
                          (617) 994-5800
                          Email:  sliss@llrlaw.com; apagano@llrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2022, a copy of this document was served by electronic filing on all counsel of record.

                          */s/ Adelaide Pagano*
                          Adelaide Pagano