UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIBE BILLE, and QUINCY REEVES, individually and on behalf of all other similarly situated individuals,<br><br>      Plaintiffs,<br> v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>      Defendant. | C.A. No. 3:19-cv-00092-JCH |

**COVERALL NORTH AMERICA, INC.'S CONSOLIDATED MEMORANDUM (A) IN SUPPORT OF COVERALL NORTH AMERICA, INC.'S CROSS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, (B) IN OPPOSITION TO PLAINTIFF BILLIE'S CORRECTED MOTION TO CONFIRM ARBITRATION AWARD (DKT. 73), AND (C) IN SUPPORT OF PLAINTIFF BILLIE'S MOTION TO SEAL (DKT. 70)**

Defendant Coverall North America, Inc. ("CNA"), respectfully submits this consolidated memorandum of law to address the intertwined issues of whether the Court (1) can confirm Plaintiff Caribe Billie's arbitration award (the "Award"), and (2) should unseal the confidential Award and an earlier confidential liability decision by the arbitrator (the "Liability Decision," collectively with the Award, the "Arbitration Decisions") which Billie filed along with his motion to confirm the Award (the "Confirmation Motion," Dkt. 73).  It should do neither because, in the first instance, it lacks subject matter jurisdiction to enter the relief Billie seeks.  Because the Federal Arbitration Act is not an independent source of federal subject matter jurisdiction, a court that is asked to confirm an arbitration award must have a separate jurisdictional basis for doing so.  And, that basis must stem from the award itself – *i.e.*, the court cannot look to the underlying dispute as a basis for exercising jurisdiction.

No such basis for jurisdiction exists here.  Even if there was a live dispute between the parties regarding the enforceability of the Award—and there is not, as CNA has already paid the Award[1] (see Affidavit of Maria Castano (attached at Tab A); Affidavit of Matthew Iverson (attached at Tab B))—the Award does not present a federal question and does not satisfy the amount in controversy needed to create diversity jurisdiction.  Billie's request to confirm the Award should therefore be dismissed.

Billie's request to unseal the Award should likewise be denied.  Because this Court lacks subject matter jurisdiction over the Confirmation Motion and the Award, it should return the

---

[1] Under First Circuit precedent, this fact alone would deprive this Court of jurisdiction, as no controversy remains for the Court to adjudicate.  See Derwin v. Gen. Dynamics Corp., 719 F.2d 484, 492 (1st Cir. 1983) ("[I]t is hard to fathom what the present debate over confirmation portends. Both parties profess to agree that the Stutz award is binding. A decree confirming it at this time will merely give the parties something more to argue about. Under the circumstances, Article III's prudential values and concerns of judicial economy strongly counsel against the entry of a confirmatory order.").  Second Circuit precedent is to the contrary, but CNA wishes to preserve this argument for appeal.

1

Arbitration Decisions to Billie pursuant to Local Rules 5(e)(7) and 83.6(a).  Absent jurisdiction, the Arbitration Decisions filed along with the Confirmation Motion are not judicial documents subject to public access, and unsealing the Arbitration Decisions in these circumstances would eviscerate CNA's ability to maintain the confidentiality of its arbitration proceedings.  The resulting precedent would undermine the established federal policy in support of arbitral confidentiality that the Second Circuit Court of Appeals has warned must be preserved.

**I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER BILLIE'S ARBITRATION AWARD.**

Billie's Confirmation Motion seeks to confirm his Award pursuant to 9 U.S.C. § 9 (Section 9 of the Federal Arbitration Act, or "FAA").  See Confirmation Motion at 2; see also id. at 2, n.1 ("This Motion addresses only Mr. Billie and the wholly separate, ministerial issue of confirming an arbitration award."). Even if there was a reason to confirm an Award which has been fully satisfied, this Court cannot do so because it lacks jurisdiction to confirm the Award at issue.  It is axiomatic that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  Reineri v. Int'l Bus. Machines Corp., No. 21CV8654LAKBCM, 2022 WL 2316622, at *2 (S.D.N.Y. June 28, 2022) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal quotation omitted).[2]  Although "[t]he Federal Arbitration Act authorizes a party to an arbitration agreement to petition a federal court for various forms of relief … the Act's authorization of such petitions does not itself create the subject-matter jurisdiction necessary for a federal court to resolve them.  Rather, the federal court must have an 'independent jurisdictional basis' to do so."  Badgerow v. Walters, 142 S. Ct. 1310, 1314 (2022), quoting Hall Street Associates, L. L. C. v. Mattel, Inc., 552 U.S. 576, 582

---

[2] It is Billie's burden to establish subject matter jurisdiction.  See Kokkonen, 511 U.S. at 377; see also MLC Fishing, Inc. v. Velez, 667 F.3d 140, 141 (2d Cir. 2011).

2

(2008). In other words, because the FAA does not create federal subject matter jurisdiction, this Court must look to 28 U.S.C. §§ 1331-1332 to determine whether it has jurisdiction to grant the relief Billie seeks. And, a confirming court "may look only to the application actually submitted to it in assessing its jurisdiction." Badgerow, 142 S. Ct. at 1311. "It cannot ''look through' the petition to the 'underlying substantive controversy' between the parties' to establish either federal question or diversity jurisdiction." Reineri, 2022 WL 2316622, at *3, quoting Badgerow, 142 S. Ct. at 1314.

No independent basis for jurisdiction over the Award exists in this case. Reineri (decided last month) addressed a jurisdictional question analogous to the one here. The plaintiff in Reineri (who was represented by Billie's counsel in this case) sought to confirm an arbitration award pursuant to §§ 9 and 13 of the FAA. Id. at 1. As Billie has done in this case, Reineri filed the award under temporary seal pursuant to the confidentiality provision in Reineri's arbitration agreement. Id. And, as in this case, Reineri asked the Court to: "(i) confirm the Award […] and (ii) unseal the Award." Id. The court did neither. Instead, applying Badgerow, it held that "since petitioner ha[d] not met his burden of establishing that th[e] court ha[d] subject matter jurisdiction over this matter, the court cannot proceed to the merits of his motion." Id.

Relying on Badgerow (which involved an arbitration arising from an employment dispute) the Reineri court held that "a district court may not exercise jurisdiction solely because the underlying substantive controversy between the parties would have been maintainable in federal court for example, by presenting a federal question." Reineri, 2022 WL 2316622, at *3 (quoting Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC, No. 21-CV-8330 (LAK), 2022 WL 2209349, at *2 (S.D.N.Y. June 20, 2022)). Rather, it must look to the award. Reineri held that the award before it did not create a basis for exercising subject matter

3

jurisdiction because (i) it did not present a federal question, and (ii) diversity jurisdiction did not exist because the plaintiff's application did not allege that the parties were citizens of two different states and that the amount of the award exceeded $75,000.  Id. at **3-4.

The same is true here.  Although Billie's original Complaint (now stayed) alleges jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), CAFA jurisdiction over the original dispute no longer matters, because "the underlying dispute is not now at issue."  Badgerow, 142 S. Ct. at 1321; see also Reineri, 2022 WL 2316622, at *3 (holding that, after Badgerow, "a district court may not exercise jurisdiction solely because the underlying substantive controversy between the parties would have been maintainable in federal court").  The issue before the Court now is Billie's request to confirm his Award pursuant to Section 9 of the FAA, see Confirmation Motion at 2.  See Badgerow, 142 S. Ct. at 1316 ("Recall that the [parties] are now contesting not the legality of Badgerow's firing but the enforceability of an arbitral award.").[3]  As to that matter, this Court lacks jurisdiction.  The Award raises no federal question, and while the parties here are diverse, the total due (and now paid) under the Award, including attorneys' fees and the maximum accrued interest under Connecticut law, is $57,100.06.  See Affidavit of Matthew Iverson.[4]

---

[3] Even if Billie could theoretically use the original Complaint's CAFA jurisdiction allegations to bootstrap jurisdiction over the Award, he cannot do so here because his claims have been resolved on an individualized basis, and thus, he can no longer allege in good faith that he represents a class.  See, e.g., Cordes & Co. Fin. Servs. v. A.G. Edwards, 502 F.3d 91, 101 (2d Cir. 2007) ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (Internal quotes omitted.)).  This terminates CAFA jurisdiction over Billie's claim.  See Gale v. Chicago Title Ins. Co., 929 F.3d 74, 77 (2d Cir. 2019) (CAFA jurisdiction lost when plaintiff amended complaint to eliminate class allegations, as both "the state of things" and "the alleged state of things" must support jurisdiction, quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007); see also Rockwell, 549 U.S. at 473 ("demonstration that the original allegations were false will defeat jurisdiction").

[4] Although the Reineri court provided the plaintiff in that case with an opportunity to plead facts sufficient to establish diversity, that would be pointless here as liability is determined.  In Reineri the Plaintiff did not amend his complaint and, on July 19, 2022, Judge Moses recommended that the action be dismissed for lack of subject matter jurisdiction.  See Reineri v. Int'l Bus. Machines Corp., No. 21-CV-8654 (LAK)(BCM) at Dkt. 336.

In summary, Badgerow makes clear that Billie's request to confirm the Award "raise[s] no federal issue," because an arbitration "award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims … [a]nd quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." Id. at 1316-17.  Put another way, Billie's request for confirmation "concerns the contractual rights provided in the arbitration agreement, generally governed by state law. And adjudication of such state-law contractual rights—as this Court has held in addressing a non-arbitration settlement of federal claims—typically belongs in state courts." Id. at 1321-22.  Accordingly, this Court should take no action on the Confirmation Motion and dismiss Billie's claim for lack of subject matter jurisdiction.  See Reineri, 2022 WL 2316622, at *5.  To the extent Billie still wants to confirm the Award (despite it being fully paid), he can try to do so in state court.  See Badgerow, 142 S. Ct. at 1322 ("Congress chose to respect the capacity of state courts to properly enforce arbitral awards.").

## II. THIS COURT SHOULD REJECT BILLIE'S REQUEST TO UNSEAL THE ARBITRATION DECISIONS.

Although Billie has filed a motion captioned as a Motion to Seal the Arbitration Decisions (the "Motion to Seal," Dkt. 70), both the Motion to Seal and the Confirmation Motion make clear that Billie really wants to make the Arbitration Decisions public.  See Dkt. 70 at 2; Dkt. 73 at 3.  The Court should decline his invitation.  Instead, as explained in Part A below, this Court should return the Arbitration Decisions to Billie pursuant to Local Rules 5(e)(7) and 83.6(a) because it lacks jurisdiction to confirm the Award, and, absent jurisdiction, the Arbitration Decisions are neither "relevant to the performance of the judicial function" nor "useful in the judicial process." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotes omitted).  Part B below explains why, if the Court disagrees, it should still maintain the Arbitration Decisions under seal because the public's interest in the contents of an arbitration award that has already

5

been paid is dwarfed by the countervailing interest of both the public and CNA in arbitral confidentiality.

      A.      **There Is No Public Right Of Access To The Arbitration Decisions Because They Are Not Judicial Documents.**

It is settled law that there is a "common law right of public access to judicial documents…." Lugosch, 435 F.3d at 119. "Before any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" Id. "'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.' … In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" Id., quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995).

As previously discussed, see supra Part I, the Court lacks subject matter jurisdiction over Billie's request to confirm the Award under Section 9 of the FAA. Accordingly, the Court cannot consider the merits of Billie's request to unseal the Arbitration Decisions that accompany the Confirmation Motion. See Reineri, 2022 WL 2316622, at *5 (court could not address motion to unseal arbitration award while jurisdiction over award was unresolved because "[t]he obligation that courts must resolve threshold questions of jurisdiction ... before proceeding to consider the merits of a claim at any stage of a proceeding is inflexible and without exception.") (quoting Antwi v. United States, 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004)) (internal citations omitted). Moreover, the Arbitration Decisions are "entirely irrelevant" to this Court's jurisdictional analysis because, "under Badgerow, 142 S. Ct. at 1314, the Court is prohibited from 'looking through' a confirmation petition to the underlying arbitration award for jurisdictional purposes." Reineri, 2022 WL 2316622, at *5. Accordingly, the Arbitration Decisions are not judicial documents, and

there are no grounds for unsealing them.  See id.  The Court should instead remove them from the docket as irrelevant.  See Local Rules 5(e)(7) and 83.6(a).

      B.      **Even If One Assumes The Arbitration Decisions Are Judicial Documents, They Should Still Remain Under Seal.**

Paragraph 21(A)(11) of the parties' franchise agreement provides that "[a] decision by the arbitrator or arbitrators (including any finding of fact and/or conclusion of law) against either Coverall or Franchisee shall be confidential unless otherwise required to be disclosed by law…." See Dkt. 73-3 at 17.  Accordingly, if one assumes for the sake of argument that the Arbitration Decisions are judicial documents subject to a presumption of public access, the Court must still decide whether to unseal them by "balance[ing] the weight of the presumption (which varies depending on the nature of the document and its role in the case) against 'competing considerations,' including 'the privacy interests of those resisting disclosure.'" Reineri, 2022 WL 2316622, at *5, quoting Lugosch, 435 F.3d at 119-20.  In this case, the public's strong interest in arbitral confidentiality, in combination with CNA's privacy interests, outweighs the limited public interest in access to an arbitration award that has already been paid.

          1.      The Public's Interest In Accessing The Arbitration Decisions Is Negligible.

"The presumption of access is based on the need for federal courts […] to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II").  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." Id. at 1050.  That is precisely the case here.  While it had ample grounds to do so, CNA is not contesting the Award's enforceability – indeed, it has already paid it.  In these circumstances, "any public interest in the Award is minimal…" Decapolis Grp., LLC v. Mangesh

7

Energy, Ltd., No. 3:13-CV-1547-M, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014); see also W. Coast Life Ins. Co. v. Swiss Re Life & Health Am. Inc., Case 1:21-cv-08654-LAK-BCM, 2021 U.S. Dist. LEXIS 120043, at **3-4 (S.D.N.Y. June 28, 2021), copy attached at Tab C ("because the parties jointly request that the Court confirm the final award, the final award itself does not directly affect the Court's adjudication of [confirmation]"); Citigroup, Inc. v. Abu Dhabi Inv. Auth., No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013), aff'd, 776 F.3d 126 (2d Cir. 2015) (sealing documents that "played no role in [the] Court's adjudication of the parties' respective motions, which turned almost entirely on the Investment Agreement's arbitration clause").

        2.      There Is A Strong Countervailing Interest In Protecting The Confidentiality Of Arbitration Proceedings.

If parties to private arbitrations can publicly file confidential arbitration decisions by attaching them to requests to confirm awards that have already been paid, then arbitral confidentiality agreements are not worth the paper that they are written on. This cannot be correct. There is "a liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), and, as the Second Circuit has recognized, "confidentiality is a paradigmatic aspect of arbitration." Guyden v. Aetna, Inc., 544 F.3d 376, 385 (2d Cir. 2008). For this reason, "[c]ourts tend to honor parties' decisions to enter into confidential arbitration [and] keep those proceedings, including awards, confidential, particularly because: (1) parties often enter into them to maintain confidentiality; and (2) it promotes the voluntary execution of private arbitration agreements–a sound public policy objective," Barkley v. Pizza Hut of Am., Inc., No. 614CV376ORL37DAB, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015) (emphasis added); see also Original Appalachian Artworks, Inc. v. Jakks Pac., Inc., No. 1:14-CV-02861-ELR, 2017 WL 5476798, at *4 (N.D. Ga. Mar. 6, 2017), aff'd, 718 F. App'x 776 (11th Cir.

8

2017) (same, quoting Barkley); Those Certain Underwriters at Lloyds, London v. Occidental Gems, Inc., 41 A.D.3d 362, 365, 841 N.Y.S.2d 225, 227 (2007), aff'd, 11 N.Y.3d 843, 901 N.E.2d 732 (2008) (noting "the important public interest in protecting the rights of parties who submit to confidential arbitration").  In fact, the Second Circuit holds that privacy is so fundamental to the arbitral process that an attack on arbitral confidentiality amounts to "an attack on the character of arbitration itself." Guyden, 544 F.3d at 385, quoting Iberia Credit Bureau, Inc. v. Cingular Wireless LLC, 379 F.3d 159, 175 (5th Cir. 2004).

Billie's strategy in this case is just such an attack – it permits any party that obtains a confidential arbitration award to publicize that award (and any associated confidential arbitral document like the Liability Decision) simply by filing it as part of a confirmation request.  This is impermissible under Second Circuit precedent.  As the Court of Appeals explained in Guyden, "[t]he Supreme Court has warned against '[s]uch generalized attacks on arbitration,' because they 'rest on suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants' and consequently are 'far out of step with our current strong endorsement of the federal statutes favoring this method of resolving disputes.'" Id., quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30 (1991) (internal quotation marks and alterations omitted).  In line with this guidance, when balancing the interests in favor of sealing, this Court should give great weight to the settled expectation that it will enforce the parties' arbitral confidentiality agreement "according to its terms."  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); see also Decapolis Grp., 2014 WL 702000, at *2 (sealing arbitration award based, in part, on "the interest in confidentiality expressed in the parties' agreement.").

### 3. The Federal Interest In Enforcing Arbitration Confidentiality, Coupled With CNA's Interest In Privacy, Outweighs The Minimal Public Interest In Access To The Arbitration Decisions.

As noted in Part II(B)(1), supra, the public has virtually no interest in accessing the contents of an arbitration that has already been paid and whose contents will have no impact on the Court's decision making.  In contrast, as noted in Part II(B)(2), not only does CNA have a significant interest in keeping the confidentiality that it bargained for, there is also a strong federal interest in preventing parties from evading arbitral confidentiality restrictions by filing the resulting awards in federal court.  In these circumstances, if the Court decides it has jurisdiction to confirm the Award and that the Arbitration Decisions are judicial documents, it should still maintain those Decisions under seal because the harm caused by releasing them vastly outweighs the consequences of keeping them confidential.  See, e.g., W. Coast Life Ins., 2021 U.S. Dist. LEXIS 120043, at *3-4; FMC Corp. v. Syngenta Crop Prot. AG, No. 1:21-CV-487, 2021 WL 9031342, at *2 (W.D.N.Y Nov. 10, 2021); Original Appalachian Artworks, 2017 WL 5476798, at *4; Barkley, 2015 WL 5915817, at *2; Decapolis Grp., 2014 WL 702000, at *2; see also Citigroup, Inc. v. Abu Dhabi Inv. Auth., No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013), aff'd, 776 F.3d 126 (2d Cir. 2015) (granting permission to seal documents that "played no role in [the] Court's adjudication of the parties' respective motions, which turned almost entirely on the Investment Agreement's arbitration clause").  Moreover, redaction is not appropriate here.  Because the amount of the Award is already public, and the balance of the Arbitration Decisions contain the confidential details of the arbitration, "[l]ittle purpose would be served by carving up the [Arbitration Decisions] into a public preamble and conclusion and blacking out the heart of the matter." FMC Corp., 2021 WL 9031342, at *2.

The cases Billie cites for the proposition that the Arbitration Decisions should be unsealed are distinguishable:

- In Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 CIV 698 RJS, 2010 WL 3958791, (S.D.N.Y. Sept. 23, 2010), the court denied a motion to seal an arbitration award without prejudice because the moving party did not address the relevant balancing factors. See id. at *3.

- Lohnn v. Int'l Bus. Machines Corp., No. 21-CV-6379 (LJL), 2022 WL 36420 (S.D.N.Y. Jan. 4, 2022) did not involve an uncontested arbitration award that the Court had no need to review. It concerned a motion to seal "information in … summary judgment documents [that] was exchanged in confidential arbitrations." Id. at *10.

- In Stafford v. Int'l Bus. Machines Corp., No. 21-CV-6164 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022), the Court held that the parties' arbitration award should be publicly filed because IBM provided only "vague and hypothetical statements" that it would be harmed by the disclosure of information, "much of which [wa]s already available to the public…." Id. at *3. In addition, the court stayed its order to unseal pending appeal. Id.

- Utica Mut. Ins. Co. v. INA Reinsurance Co., No. 612CV194DNHTWD, 2012 WL 13028279 (N.D.N.Y. June 12, 2012) involved a request to seal filings concerning a motion for a preliminary injunction, a dispositive motion which the court found subject to a "strong presumption of public access." Id. at *5. Nevertheless, the court granted the motion to seal in part. See id. at **8-9.

- Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., No. 07 CIV. 8196 (PKC), 2008 WL 1805459, (S.D.N.Y. Apr. 21, 2008), as amended (Apr. 24, 2008), contains only an abbreviated discussion of the facts underlying its decision not to seal a pair of arbitration awards. Nevertheless, it appears that the awards were mere "statement[s] of the relief granted or denied without explanation of the arbitrators' reasoning process," which differs from the detailed Arbitration Decisions in the case at bar. Id. at *1.

- Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand), No. 09 CIV. 995 (BSJ), 2009 WL 959639 (S.D.N.Y. Apr. 8, 2009) involved documents "all submitted in support of Delta's Response to Plaintiff's Order to Show Cause of February 4, 2009, and Delta's Cross–Motions to Dismiss and for a Temporary Restraining Order and Preliminary Injunction." Id. at *1. As such, those documents were necessary to the court's adjudication of the dispute before it.

In sum, if the Court concludes both that it has jurisdiction to confirm the Award and that the Arbitration Decisions are judicial documents, it should keep those Decisions under seal in accordance with the parties' arbitration agreement.

## III.     CONCLUSION

This Court should follow the holding in Reineri, deny the Confirmation Motion for lack of subject matter jurisdiction, dismiss Billie's claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and return the Arbitration Decisions to Billie pursuant to Local Rules 5(e)(7) and 83.6(a).  In the alternative, the Arbitration Decisions should remain sealed.

By its attorneys,

By:     /s/ Matthew J. Iverson
Matthew J. Iverson (*pro hac vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*facsimile*)
matthew.iverson@dlapiper.com

Norman M. Leon (*pro hac vice*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000 (*telephone*)
(312) 236-7516 (*facsimile*)
norman.leon@dlapiper.com

*Counsel for Defendant*

Dated:  July 29, 2022

**CERTIFICATE OF SERVICE**

    I, Matthew J. Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on July 29, 2022.

                                                    /s/ *Matthew J. Iverson*