UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIBE BILLE, and QUINCY REEVES, individually and on behalf of all other similarly situated individuals,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 3:19-cv-00092 (JCH) |

**EMERGENCY MOTION TO STAY PENDING APPEAL**

Defendant Coverall North America, Inc., ("CNA") hereby moves pursuant to Local Rule 7(a)(6) to stay pending appeal the Court's March 30, 2023, Order (the "Unsealing Order") to unseal the Arbitration Award (Doc. No. 71) and the Order on the Motion for Preliminary Summary Judgment (Doc. No. 74). CNA seeks emergency relief because it will suffer irreparable harm if the Unsealing Order is implemented.

In the Second Circuit and elsewhere, district courts routinely stay their orders on motions to unseal pending appellate review. See, e.g., Stafford v. Int'l Bus. Machines Corp., No. 21-CV-6164 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022) (staying unsealing order "where the parties explicitly agreed to maintain the confidentiality of the arbitration proceedings, the Final Award is unopposed *and* has been fully satisfied, and IBM provided some reasons to maintain the sealing"); Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, No. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), aff'd, 814 F.3d 132 (2d Cir. 2016); United States v. Caicedo Velandia, No. 10-CR-00288-01, 2019 WL 6913524, at *4 (E.D.N.Y. Dec. 19. 2019) (staying order on motion to unseal for 30 days pending appeal); United States v. Cicale, No. 05-CR-60-2, 2018 WL 388941, at *5 (E.D.N.Y. Jan. 11, 2018) (partly granting motion to unseal but staying execution

1

of the "order for 30 days so that any party that wishes to appeal on the basis that further sealing is appropriate may seek a lengthier stay from the Court of Appeals"); In re Sealed Search Warrants Issued June 4 & 5, 2008, No. 08-M-208, 2008 WL 5667021, at *5 (N.D.N.Y. July 14, 2008) (staying order on motion to unseal pending appeal); Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1308–09 (11th Cir. 2001) (considering appeal after district court stayed order granting motion to unseal); In re Search Warrant for Second Floor Bedroom, 489 F. Supp. 207, 212 (D.R.I. 1980) (staying order on motion to unseal pending appeal "to preserve the status quo and prevent irreparable harm"); Walmart Inc. v. Synchrony Bank, No. 18-CV-05216, 2020 WL 475829, at *5–7 (W.D. Ark. Jan. 29, 2020) ("[A]ny appellate review of [the] prior Order unsealing the Complaint will be rendered toothless if the Court denies a stay pending appeal and immediately unseals the sealed Complaint."); Seidl v. Am. Century Cos., Inc., No. 10-4152-CV, 2014 WL 10937513, at *8 (W.D. Mo. July 2, 2014) (staying order on motion to unseal pending appeal to prevent the information being revealed "before Defendants could protect their interests by seeking appellate review").

"Four criteria are relevant in considering whether to issue a stay of an order of a district court … pending appeal: the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.2d 95, 100 (2d. Cir. 2002) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). As "the degree to which a factor must be present varies with the strength of the other factors, . . . more of one factor excuses less of the other." In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (internal quotes and brackets omitted).

Here, each factor supports a stay. *First*, CNA has made a strong showing that the Court lacks jurisdiction and, even if it had jurisdiction, that the Award and the Arbitrator's Order on the

2

EAST\202287420.1

Motion for Preliminary Summary Judgment should remain sealed.  See, e.g., Doc. Nos. 79, 81, 84. Even if the Court disagrees with CNA's position, the issues of whether (a) there is an Article III controversy regarding a paid arbitration award,[1] (b) the amount in controversy in this matter meets the diversity threshold (including whether Billie is contractually entitled to attorneys' fees and has adequately established the non-monetary value of his Award), and (c) whether unsealing would violate the strong federal policy in favor of arbitral confidentiality, all warrant appellate review.

*Second*, CNA would suffer irreparable harm without a stay because a favorable decision by the Second Circuit could not undo the Award's publication.  Absent a stay preventing publication during the pendency of appellate review, CNA would be left without recourse and would suffer irreparable harm.  Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr., 913 F.3d 443, 449 (5th Cir. 2019) ("unsealing a document cannot be undone").

*Third*, Billie would not be injured in any way by a stay pending appeal.  CNA does not oppose Plaintiff's request to confirm the arbitration award, which is Plaintiff's sole claim for relief. Whether the award is sealed or unsealed pending appeal will not alter the substance of the Award itself or Billie's enjoyment of its benefits.

*Fourth*, as discussed in CNA's prior briefing, there is a strong federal policy in favor of protecting arbitral confidentiality. See Doc. No. 79 at 8-10. The Supreme Court has recognized the "liberal federal policy" of upholding arbitration agreements "according to their terms," AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344, 346 (2011), and the Second Circuit has recognized that "confidentiality is a paradigmatic aspect of arbitration." Guyden v. Aetna, Inc., 544 F.3d 376, 385 (2d Cir. 2008).  That federal policy would be a dead letter if parties to confidential arbitration agreements could destroy confidentiality just by seeking to confirm or

---

[1] As the Court noted, this issue is currently before the Second Circuit in the matter of Stafford v. IBM, 22-1240.

vacate an award. In contrast, there will be no harm to the public interest if the Award remains sealed during the pendency of an appeal.

    For these reasons, CNA respectfully requests that the Court stay its Order to unseal the Arbitration Award (Doc. No. 71) and the Order on the Motion for Preliminary Summary Judgment (Doc. No. 74) for sufficient time to file a notice of appeal as well as the pendency of that appeal.

By its attorneys,

By:    */s/ Matthew J. Iverson*
Matthew J. Iverson (*Pro Hac Vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*facsimile*)
matthew.iverson@dlapiper.com

Norman M. Leon (*Pro Hac Vice*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000 (*telephone*)
(312) 236-7516 (*facsimile*)
norman.leon@dlapiper.com

James R. Smart (ct 20982)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT 06890-1436
Phone: (203) 319-4000
Fax: (203) 259-0251
jsmart@mdmc-law.com

*Counsel for Defendant*

Dated: March 30, 2023

## **CERTIFICATE OF SERVICE**

      I, Matthew J. Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on March 30, 2023.

                                                                      /s/ *Matthew J. Iverson*